NO. 07-00-0575-CR
NO. 07-00-0576-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 20, 2001

_____

OLLIE GRAY CHAMPION, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;

NOS. 841383 AND 841382; HONORABLE MICHAEL WILKINSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Ollie Gray Champion was convicted, after a plea of guilty, of two separate counts of aggravated sexual assault on a child under the age of 14 and received two sentences of 35 years confinement in the Institutional Division of the Department of Criminal Justice and fines of $10,000. Appellant filed timely notices of appeal.

Although appellant was apparently represented by retained counsel at the trial court level, his notices of appeal were given pro se, along with affidavits of indigency and requests for the court to provide him with appointed counsel. Although the clerk's and reporter's records have been received, we find nothing in the clerk's record to indicate that appellate counsel has ever been appointed for appellant. Parenthetically, we also note that appellant has indicated that he wishes to raise on appeal the ineffective assistance of his trial counsel.

Whenever the court determines that a defendant charged with a felony or misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more attorneys to defend him. Tex. Code Crim. Proc. Ann. § 26.04(a) (Vernon 1989). A defendant who requests a determination of indigency and appointment of counsel is required to complete a questionnaire concerning his financial resources and respond on examination regarding his financial resources. *Id.* § 26.04(c). Because appellant has requested a determination of indigency and appointment of counsel, we believe that these appeals should be abated to the trial court for a hearing to determine whether appellant needs to have counsel appointed for him.

Accordingly, these appeals are abated and the causes remanded to the 179th District Court of Harris County. Upon remand, the judge of the trial court shall cause notice to be given and conduct a hearing to determine:

1.  Whether appellant desires to pursue his appeals.

2.  Whether appellant is presently indigent, and, if so, whether counsel should be appointed to represent him.

3.  If it be determined that an attorney should be appointed, the name, address, and State Bar identification number of the attorney appointed.

4.  If appellant is not indigent, what steps need to be taken to ensure that appellant will obtain the services of an attorney to pursue the appeals.

5.  If any other orders are necessary to ensure the proper and timely pursuit of appellant's appeals.

In support of its determination, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. The supplemental clerk's and reporter's records shall be submitted to the clerk of this court no later than March 20, 2001.

It is so ordered.

Per Curiam

Do not publish.